MENDISE et al., Appellants,

v.

PLAIN DEALER PUBLISHING COMPANY et al., Appellees.

[Cite as *Mendise v. Plain Dealer Publishing Co.* (1990), 69 Ohio App.3d 721.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57452.

Decided Oct. 9, 1990.

*Valore, Moss & Kalk, Jerald L. Moss* and *Daniel L. Kalk,* for appellants.

*Baker & Hostetler, Louis A. Colombo* and *David L. Marburger,* for appellees.

McCRYSTAL, Judge.

This is an appeal by Samuel Mendise et al. of the trial court's grant of a motion for summary judgment in favor of the Plain Dealer Publishing Company et al.

On October 12, 1986, the Plain Dealer published an article (the "article") written by Gary Webb under the headline, "Criminals Contribute to Laborers' Political Funds." The article reported accurately that a number of contributors to the political action committees of Laborers' Union Locals 310 and 860 had criminal records and that the funds contributed by them to these political action committees had been used to support then Ohio Supreme Court Chief Justice Frank P. Celebreeze's re-election campaign. The article listed several contributors and described their criminal backgrounds, including their arrests, indictments and the disposition of the charges against them.

Mendise was mentioned as a contributor to the funds. Paragraph nineteen of the article is the only one that mentions appellants. It states:

"Samuel Mendise—Owns Fulton Fish Co. in Cleveland. In 1978, the FBI raided the company and hauled away numerous handguns, shotguns, and ammunition. Two years later, Mendise, convicted murderer and racketeer Kenneth Ciarcia, and one other man were acquitted of federal weapons and conspiracy charges involving the purchase of a Chinese submachine gun. Last year, Mendise faced murder and weapons charges after he shot a fleeing thief in the back with an Uzi submachine gun, but was acquitted."

Mendise admitted that the article expressly stated that he was acquitted of the charges against him.

On March 11, 1987, appellants Samuel Mendise and the Fulton Fish Company filed a defamation action against appellees the Plain Dealer Publishing Company, its publisher Thomas Vail, and former reporter of the Plain Dealer Gary Webb (referred to collectively as the "Plain Dealer").

On May 18, 1987, the appellees filed a motion to dismiss the complaint. Thereafter, appellants sought and received extensions of time to respond to appellees' motion. On August 4, 1987, appellants voluntarily dismissed their complaint.

On September 29, 1987, appellants refiled their action against appellees. On October 27, 1987, appellees filed a motion to dismiss the complaint. On December 1, 1987, the trial court overruled appellees' motion to dismiss. The appellees never received notice of the trial court's order.

On December 28, 1987, appellants filed a motion for default judgment on the ground that appellees had not answered appellants' complaint within fourteen days of the trial court's denial of appellees' motion for default judgment. On December 30, 1987, the appellees filed a motion for leave to file an answer instanter after receiving appellants' motion to dismiss. On January 7, 1988, the trial court granted appellees' motion for leave to file answer instanter and denied appellants' motion for a default judgment.

Following appropriate discovery, appellees filed a motion for summary judgment. After the matter was fully briefed by the parties, the trial court granted appellees' motion. The trial court held that the defamatory character of an allegedly libelous statement must be decided by the court as a matter of law. The trial court, upon analyzing the statements in the context of the article as a whole and under Ohio's innocent construction rule, found that the article was nonactionable as a matter of law. This appeal follows.

I

Appellants' first assignment of error states:

"The trial court erred in allowing defendants to file an untimely answer to the plaintiffs' complaint."

■ Mendise et al. contend that the trial court abused its discretion in granting appellees' motion for leave to file their answer because the appellees did not demonstrate excusable neglect. We disagree.

Civ.R. 6(B) states, in pertinent part:

"[T]he court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure of the act was the result of excusable neglect * * *."

■ Such a motion is addressed to the sound discretion of the trial court and will not be disturbed upon appeal absent a showing of an abuse of discretion. *Marion Production Credit Assn. v. Cochran* (1988), 40 Ohio St.3d 265, 271, 533 N.E.2d 325, 331. Some showing of excusable neglect is a necessary prelude to the granting of a motion to file an answer instanter. *Miller v. Lint* (1980), 62 Ohio St.2d 209, 16 O.O.3d 244, 404 N.E.2d 752. The determination of whether neglect was excusable or inexcusable must take into consideration all the surrounding facts and circumstances. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122.

Here, in the affidavit in support of appellees' motion for leave to answer, counsel asserted that they were not aware of the trial court's overruling of the motion to dismiss and had not received notice from the court.[1] We believe that appellees' failure to respond within the fourteen-day period constituted excusable neglect. *Garnett v. Duff* (Nov. 1, 1979), Cuyahoga App. No. 39458, unreported. Our review of the record indicates that appellees complied

---

1. When the court overrules a motion to dismiss made by a defendant before answering the complaint, a responsive pleading shall be served within fourteen days after notice of the trial court's actions. Civ.R. 12(A)(2)(a).

substantially with the procedures of the Civil Rules and in no way exhibited a serious disregard for such rules. See *Gibbons v. Price* (1986), 33 Ohio App.3d 4, 10, 514 N.E.2d 127, 132. As a result, we believe that the trial court did not abuse its discretion in granting appellees' motion to file an answer instanter.

Appellants' first assignment of error is overruled.

## II

Appellants' second assignment of error states:

"The trial court erred in granting appellee's motion for summary judgment for the following reasons:

"(1) A genuine issue of material fact existed in the case;

"(2) The libelous statements are susceptible of only one meaning;

"(3) As a matter of law, the statements complained of constitute libel, per se, and are actionable."

Summary judgment will be rendered in a case when "there is no genuine issue as to any material fact * * * and the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). A court will look to the parties' pleadings to determine the issue and to see if any written admissions were made. The court then turns to the documentary evidence to determine whether a genuine issue of material fact exists. A genuine issue of material fact exists when the relevant factual allegations contained in the documentary evidence attached to a summary judgment motion and opposition brief are in conflict. *Duke v. Sanymetal Products* (1972), 31 Ohio App.2d 78, 60 O.O.2d 171, 286 N.E.2d 324.

"A summary judgment shall not be rendered unless it appears * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ.R. 56(C).

On appeal, the reviewing court evaluates the record from a summary judgment proceeding in a light most favorable to the nonmoving party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924. Inferences to be drawn from the underlying facts contained in depositions, affidavits and exhibits must be construed in the opposing party's favor. When construed this way, the motion must be overruled if reasonable minds could find for the party opposing the motion. *Hounshell v. American States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 314.

■ It is a question of law for the court whether certain statements alleged to be defamatory are actionable. *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 372, 6 OBR 421, 423, 453 N.E.2d 666, 669; *Bigelow v. Brumley* (1941), 138 Ohio St. 574, 590, 21 O.O. 471, 478, 37 N.E.2d 584, 592; *Matalka v. Lagemann* (1985), 21 Ohio App.3d 134, 21 OBR 143, 486 N.E.2d 1220, paragraph one of the syllabus.

When considering whether a statement is defamatory, the trial court is directed to review the statement under the totality of the circumstances. *Scott v. News–Herald* (1986), 25 Ohio St.3d 243, 253, 25 OBR 302, 310, 496 N.E.2d 699, 708. The statements at issue should be read in the context of the entire article in determining whether a reader would interpret them as defamatory. *Shallenberger v. Scripps Publishing Co.* (1909), 20 Ohio Dec. 651, affirmed (1912), 85 Ohio St. 492, 98 N.E. 1132. Our review indicates that no reader could reasonably believe that appellants were criminals. The reasonable interpretation of the statements concerning appellants was that Samuel Mendise was distinguishable from those contributors with criminal convictions. The article states that Samuel Mendise was acquitted of the crimes with which he was charged.

■ In determining whether the article could be reasonably understood to defame appellants, the trial court was required to apply the "innocent construction" rule. Such rule provides that "if allegedly defamatory words are susceptible to two meanings, one defamatory and one innocent, the defamatory meaning should be rejected, and the innocent meaning adopted." *Yeager v. Local Union 20, supra,* 6 Ohio St.3d at 372, 6 OBR at 423, 453 N.E.2d at 669; *Sheppard v. Stevenson* (1964), 1 Ohio App.2d 6, 30 O.O.2d 51, 203 N.E.2d 507.

Appellants contend that the innocent construction rule is inapplicable because the article has only one meaning and that meaning is defamatory because the article falsely accuses appellants of the commission of a crime. However, as mentioned above, the article read in its entirety expressly states that Mendise was acquitted of criminal charges. Such an innocent interpretation is the only clear and reasonable interpretation of the article. Even if there were some way to argue that there was a possible defamatory interpretation of the article, the trial court still properly gave the article the nondefamatory interpretation under the innocent construction rule.

Appellants' assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN V. CORRIGAN and STILLMAN, JJ., concur.

JAMES L. McCRYSTAL, J., retired, of the Erie County Common Pleas Court, and SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.