14

**BIESIADA**

v.

**GYEKENYESI.**

Rocky River Municipal Court.

No. 93CVH966.

Decided July 14, 1994.

*Edward J. Biesiada,* pro se.
*Thomas G. Kovach,* for defendant.

———————

DONNA CONGENI FITZSIMMONS, Judge.

## INTRODUCTION

This matter is before the court on defendant's motion for summary judgment filed on May 6, 1994. Plaintiff filed a response on May 17, 1994 and defendant filed a reply brief on May 23, 1994. Plaintiff filed an additional response on June 3, 1994 and an addendum to it on June 6, 1994. Defendant filed a surreply brief on June 13, 1994. After consideration of all the briefs and exhibits, depositions and affidavits attached thereto, the court finds that defendant's motion is well taken, and defendant's motion is granted.

## STATEMENT OF FACTS

Plaintiff, Edward J. Biesiada, C.P.A. (hereinafter "Biesiada"), brings this action alleging slander against defendant, John P. Gyekenyesi (hereinafter "Gyekenyesi"), alleging that on August 14, 1992 at approximately 7:40 p.m., Gyekenyesi stood up during the annual business meeting of the Lake Erie Soccer League attended by approximately fifty people and pointed directly at Biesiada as he entered the room. Allegedly Gyekenyesi said in a loud, boisterous voice, "I object to Biesiada attending this meeting. He is a criminal and he's stolen lots of money from us."

According to the minutes of the meeting, there was a debate as to whether Biesiada should remain in attendance at the meeting. Gyekenyesi requested Biesiada's removal from the meeting and argued with other members who expressed the "opinion" that Biesiada could remain as long as he was merely an observer and did not participate in any discussions.

## LAW

The threshold issue in this action is whether the statements which plaintiff alleges to be defamatory are capable of conveying a defamatory meaning to the average person in attendance at the August 14, 1992 meeting of the Lake Erie Soccer League. This issue is for the court to resolve as a matter of law.

See *Ollman v. Evans* (C.A.D.C.1984), 750 F.2d 970 (en banc), certiorari denied (1985), 471 U.S. 1127, 105 S.Ct. 2662, 86 L.Ed.2d 278; *Mendise v. Plain Dealer Publishing Co.* (1990), 69 Ohio App.3d 721, 726, 591 N.E.2d 789, 792 ("It is a question of law for the court whether certain statements alleged to be defamatory are actionable."); *Matalka v. Lagemann* (1985), 21 Ohio App.3d 134, 21 OBR 143, 486 N.E.2d 1220; *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 372, 6 OBR 421, 423, 453 N.E.2d 666, 669 ("it is for the court to decide as a matter of law whether certain statements alleged to be defamatory are actionable or not").

A statement of opinion is absolutely privileged. *Gertz v. Robert Welch, Inc.* (1974), 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789; accord *Orr v. Argus Press Co.* (C.A.6, 1978), 586 F.2d 1108, certiorari denied (1979), 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773. The determination of whether an allegedly defamatory statement constitutes a protected expression of opinion is a question of law for the court to resolve. See *Ollman v. Evans, supra,* 750 F.2d at 975 ("we agree with the overwhelming weight of post-*Gertz* authority that the distinction between opinion and fact is a matter of law"); accord *McBride v. Merrell Dow* (C.A.D.C.1983), 717 F.2d 1460; *Orr v. Argus Press Co.* (C.A.6, 1978), 586 F.2d 1108, certiorari denied (1979), 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773. In determining whether a statement is opinion or fact the court must consider the "broader context or setting" in which the statement was made. *Ollman v. Evans, supra,* 750 F.2d at 972. "When considering whether a statement is defamatory, the trial court is directed to review the statement under the totality of the circumstances." *Mendise v. Plain Dealer Publishing Co., supra,* 69 Ohio App.3d at 726, 591 N.E.2d at 792, citing *Scott v. News Herald* (1986), 25 Ohio St.3d 243, 253, 25 OBR 302, 310, 496 N.E.2d 699, 708.

As reflected in the minutes of the August 14, 1992 meeting of the Lake Erie Soccer League (defendant's motion for summary judgment, Exhibit D) the alleged statements of defendant were made in the context of a heated debate as to whether or not plaintiff should be allowed to remain in attendance at the meeting:

"At this point J. Gyekenyesi asked the President to instruct Mr. E. Biesiada to leave the room, since he is currently under suspension by the OSA–N. There was some discussion about the interpretation of the suspension; one *opinion* was that Mr. Biesiada could remain as long as he was merely an observer and did not participate in any discussions. However, it was pointed out that the suspension calls for a total ban from all soccer activities under the jurisdiction of the USSF. A. Kaufmann and J. Rosul stated that the LESL is obligated to honor all decisions by the OSA–N. Mr. Biesiada then left after being asked to do so by the President." (Emphasis added.)

Defendant's statements were made in support of his opinion that plaintiff should not be allowed to remain at the meeting. In fact, the preparer of the minutes characterized the statements made during the debate as opinions, stating: "one opinion was that Mr. Biesiada could remain * * *."

Due to the extended history of the debate surrounding plaintiff's suspension, as evidenced by the fact that the issue has previously been litigated, it is expected that this debate would be vigorous. Defendant's statements would be viewed by those in attendance at the meeting as an expression of opinion, epithets, or hyperbole, but not as assertions of objective fact. See, *e.g., Greenbelt Cooperative Publishing Assn. v. Bresler* (1970), 398 U.S. 6, 14, 90 S.Ct. 1537, 1542, 26 L.Ed.2d 6, 15 (characterization of plaintiff's negotiating position in a public dispute concerning housing developments as "blackmail" was, in that context, rhetorical hyperbole); *Information Control Corp. v. Genesis One Computer Corp.* (C.A.9, 1980), 611 F.2d 781, 784 ("even apparent statements of fact may assume the character of statements of opinion and thus be privileged, when made in a public debate, heated labor dispute, or other circumstances in which an 'audience may anticipate efforts by the parties to persuade others to their positions by use of epithets, fiery rhetoric or hyperbole'"). Therefore, the court determines, as a matter of law, that in context the alleged statements of defendant were not capable of conveying a defamatory meaning to those in attendance at the Lake Erie Soccer League meeting on August 14, 1992.

Furthermore, plaintiff has failed to produce evidence that a third person, to whom the defendant's statements had been published, understood the allegedly defamatory meaning of the statements made by defendant, one of the elements of a defamation claim. *Hahn v. Kotten* (1975), 43 Ohio St.2d 237, 243, 72 O.O.2d 134, 138, 331 N.E.2d 713, 718. Although plaintiff produced affidavits which include testimony on the content of defendant's statements, no evidence that a third person understood the defamatory meaning plaintiff ascribes to the statements has been forthcoming.

■ When confronted with a motion for summary judgment, the burden of proof is on the plaintiff to produce evidence of all essential elements of his case. "A motion for summary judgment forces the non-moving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095, 1099, citing *Celotex v. Catrett* (1986), 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273–274. Plaintiff has failed to establish the "existence of an element essential" to his case and upon which he bears the burden of proof at trial, "mandating the entry of summary judgment" against plaintiff. *Hodgkinson v. Dunlop Tire & Rubber Co.* (1987), 38 Ohio App.3d 101, 526 N.E.2d 89; see, also, *Wing v. Anchor Media, Ltd. of Texas, supra.*

At trial plaintiff would be required to establish "a publication to a third person for which defendant is responsible, the recipient's understanding of the defamatory meaning, and its actionable character." *Hahn v. Kotten, supra*, 43 Ohio St.2d at 243, 72 O.O.2d at 138, 331 N.E.2d at 718. Because plaintiff would bear the burden of proof on the aforementioned essential elements at trial, plaintiff must show evidence of these essential elements when confronted with a motion for summary judgment. *Wing v. Anchor Media, Ltd. of Texas, supra; Celotex v. Catrett, supra; Hodgkinson v. Dunlop Tire & Rubber Co., supra.*

In the present case, plaintiff failed to present evidence that the alleged defamatory meaning was understood by a third party, thereby failing to produce evidence of an essential element of his case. For this reason, and because the court has determined, as a matter of law, that the alleged statements are not actionable in that they are not capable of conveying a defamatory meaning in the context in which they were allegedly spoken, defendant's motion for summary judgment is granted.

*So ordered.*