**KILBOURN et al., Appellants,**

v.

**HENDERSON et al., appellees; Ohio Turnpike Commission.**

[Cite as *Kilbourn v. Henderson* (1989), 63 Ohio App.3d 38.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55484.

Decided May 22, 1989.

*Duane L. Doyle,* for appellants Don M. and Sharon H. Kilbourn.

*Thomas E. Dover,* for appellees Donald Henderson, d.b.a. Donald Henderson Insurance Agency, and Continental Assurance Company.

*James C. McGrath,* for Ohio Turnpike Commission.

---

KRUPANSKY, Judge.

Plaintiffs Don M. Kilbourn and his wife Sharon H. Kilbourn filed suit in Cuyahoga County Common Pleas Court case No. 117353 against defendants Donald Henderson, d.b.a. Donald Henderson Insurance Agency, Continental Assurance Company, a.k.a. CNA Insurance ("CNA"), and the Ohio Turnpike Commission ("OTC"). Suit arose as a result of a health insurance coverage question. Defendant OTC is plaintiff Don Kilbourn's employer, defendant CNA is the health insurance company which contracted with defendant OTC to provide health insurance coverage for OTC employees, and defendant Donald Henderson is the insurance agency which oversees the health insurance coverage.

Plaintiffs' complaint alleges plaintiff Don Kilbourn is an alcoholic and handicapped by virtue of his alcoholism within the meaning of the Ohio Revised Code. Plaintiffs' complaint further alleges that in reliance on representations made by defendant OTC as to health insurance coverage, he sought

and received treatment from Glenbeigh Hospital. Coverage was denied, and plaintiff Don Kilbourn was charged $9,782 for his stay at Glenbeigh from December 6, 1985 through January 3, 1986. Plaintiffs' complaint also alleges CNA has paid for such treatment for employees of entities other than defendant OTC in the past.

Plaintiffs' complaint further alleges defendants Henderson and CNA wrongfully, intentionally and maliciously refused coverage pursuant to an insurance industry-wide conspiracy to discriminate against handicapped persons and, as a proximate result, plaintiffs were caused anxiety, embarrassment and creditor harassment which led plaintiff Don Kilbourn to resume drinking and necessitated his entrance into an alcohol treatment program at Geauga Community Hospital. This conspiratorial activity also proximately caused plaintiff Sharon Kilbourn to suffer undue anxiety and loss of her husband's consortium and services.

Defendants CNA and Henderson filed a joint motion for summary judgment. Defendant OTC filed a separate motion for summary judgment. Based upon the affidavits, depositions and other evidentiary materials accompanying the motions for summary judgment and briefs filed pro and contra, the trial court granted the motion for summary judgment of defendants CNA and Henderson and denied defendant OTC's motion for summary judgment. Subsequently, defendant OTC was voluntarily dismissed and the trial court certified its grant of partial summary judgment as no just reason for delay in an entry journalized March 14, 1988. Plaintiffs filed a timely notice of appeal, assigning one error.

Plaintiffs' sole assignment of error follows:

"The court erred in granting CNA's and Henderson Insurance Agencies [*sic*] motion for summary judgment because there were genuine issues of fact to be determined including waiver and estoppel; whether affiliation with a hospital meeting the contractual definition was substantial compliance; whether the definition, per se, constituted illegal discrimination; whether Ohio Turnpike Commission's administrator of the health plan could be deemed the legal agent of Henderson and CNA."

Plaintiffs' sole assignment of error lacks merit.

Civ.R. 56(C), in pertinent part, provides:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

The Ohio Supreme Court has recently promulgated the following:

"Summary judgment is appropriate when the following factors have been established:

" ' * * * (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.' *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. See, also, Civ.R. 56(C); and *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274." *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 884.

"Upon motion for summary judgment pursuant to Civ.R. 56, the burden of establishing that the material facts are not in dispute, and that no genuine issue of fact exists, is on the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46. However, in that Civ.R. 56(E) requires that a party set forth specific facts showing that there is a genuine issue for trial, such party must so perform if he is to avoid summary judgment. * * * " *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph seven of syllabus; accord *Hodgkinson v. Dunlop Tire & Rubber Corp.* (1987), 38 Ohio App.3d 101, 526 N.E.2d 89; *Whiteleather v. Yosowitz* (1983), 10 Ohio App.3d 272, 10 OBR 386, 461 N.E.2d 1331.

In the case *sub judice*, plaintiffs have failed to meet their burden of proof with respect to defendants CNA and Henderson.

Plaintiffs' hospital expense benefits as set forth in the Group Insurance Booklet provided to plaintiffs prior to the incident *sub judice* provide:

"If a Covered Person is confined in a Hospital, We will pay the following benefits if the confinement:

"1. Is the result of Sickness or Injury;

"2. Starts while insured for this benefit; and ·

"3. Is necessary for proper treatment.

"Benefits are subject to the maximums in the Benefit Specifications.
"These Benefits are:

"1. A Room and Board Benefit. This covers daily expenses actually incurred for hospital (including Intensive Care Unit and Cardiac Care Unit), room, board and general nursing service;

"2. A Hospital Service Benefit. Expenses incurred for the following to the extent they are medically necessary:

"These items are covered only during a period for which the Room and Board Benefit is payable:

"(i) Hospital services and supplies;

"(ii) Ground transportation in an ambulance to and from the Hospital, but not more than $25.00 with respect to any one period of hospital confinement;

"(iii) Blood and blood plasma, except when replaced;

"(iv) Anesthesiologists' fees charged in connection with a surgical procedure.

"Even if a Room and Board Benefit is not payable the Hospital Service Benefit will be allowed if such expenses are incurred within 5 days after and as a result of an injury."

The policy defines "hospital" as follows:

" 'Hospital' means an establishment which:

"1. Holds a license as a Hospital (if required in the state);

"2. Operates primarily for the reception, care and treatment of sick or injured persons as in-patients;

"3. Provides around the clock nursing service;

"4. Has a staff of one or more Physicians available at all times;

"5. Provides organized facilities for diagnosis and surgery;

"6. Is not primarily a clinic, nursing, rest or convalescent home or a Skilled Nursing Facility or a similar establishment; and

"7. *Is not, other than incidentally, a place for treatment of drug addiction.*

" * * * " (Emphasis added.)

Plaintiffs' major medical health insurance provides, in pertinent part:

"If a Covered Person incurs Covered Expenses for any one injury or Sickness, We will pay the following, subject to the maximums in the benefit specifications:

" * * *

"2. In the case of Treatment or Evaluation of Mental and Emotional Disorders and Treatment of Alcoholism:

"80% of Covered Expenses incurred;

"provided the treatment or evaluation is furnished:

"a.  On an out-patient basis;  *and*

"b.  By or under the clinical supervision of a Physician;  *and*

"c.  At a Hospital;  or

"d.  At a community mental health facility;  or

"e.  At the Physician's office;  or

"f.  An alcoholism facility.

"The Hospital, community mental health facility or alcoholism facility must be approved as such by the Joint Commission on Accreditation of Hospitals or certified by the department of health or department of mental health and mental retardation.

"Service furnished for mental and emotional disorders shall be in accordance with a treatment plan that describes the expected duration, frequency and type of services to be performed.  The treatment plan must be reviewed and approved by a licensed Physician or licensed psychologist every 3 months."  (Emphasis added.)

When words used in an insurance policy have a plain and ordinary meaning, it is unnecessary to resort to construction unless the meaning leads to an absurd result.  *Olmsted v. Lumbermens Mut. Ins. Co.* (1970), 22 Ohio St.2d 212, 51 O.O.2d 285, 259 N.E.2d 123.

In the case *sub judice,* the insurance contract between the parties has a plain meaning which does not lead to an absurd result.  Plaintiff is covered for treatment of alcoholism from an alcohol- or drug-treatment facility on an out-patient basis, and plaintiff is not covered for in-patient treatment from a facility which is primarily a place of treatment for drug addiction.

The evidentiary materials attached to the motions for summary judgment in the case *sub judice* indicate Glenbeigh Hospital is exclusively a drug- and alcohol-treatment center.  Glenbeigh is licensed as such by the state of Ohio and advertises as such.

Plaintiffs argue defendants have waived and are estopped from asserting these policy provisions.  Plaintiffs' argument is unpersuasive.  Plaintiffs argue and present evidence, although mostly hearsay, indicating (1) defendant CNA has covered expenses incurred at Glenbeigh for employees of entities other than defendant OTC in the past, and (2) OTC employees have received alcohol rehabilitation treatment at medical facilities other than Glenbeigh, the expenses of which have been covered under the contract between defendants CNA and OTC.

■ Plaintiffs have failed to satisfy their burden of proof with respect to waiver and estoppel since plaintiffs have offered no evidence that (1) other medical facilities are similar to Glenbeigh, and (2) these other health insurance contracts entered into by defendant CNA are similar to the contract entered into between defendant CNA and defendant OTC.[1]

Plaintiffs also argue since Glenbeigh Hospital is affiliated with Northeast Ohio General Hospital, which allegedly meets the contractual definition of "hospital," there exists a genuine issue of material fact as to whether Glenbeigh Hospital is in substantial compliance with the contractual definition. Plaintiffs' argument in this regard is also unpersuasive. The record reflects both Glenbeigh and Northeast General are physically and legally distinct entities and plaintiffs have failed to establish anything to the contrary. Accordingly, there is no genuine material issue of fact concerning whether Glenbeigh is in substantial compliance with the contract provisions.

Plaintiffs also unpersuasively argue the contract definition of "hospital" is *per se* illegal since it discriminates against handicapped persons, *viz.*, alcoholics. Plaintiffs' own evidence establishes alcoholism treatment is covered at medical facilities meeting the contractual definition. The record establishes plaintiff Don E. Kilbourn's subsequent treatment at Geauga Community Hospital's detoxification center was covered by the policy. The policy does not refuse payment for treatment of alcoholism; rather, it limits coverage to hospitals as defined in the policy and/or out-patient services only. Consequently, the policy does not discriminate against handicapped persons who suffer from alcoholism.

■ Plaintiffs also unpersuasively argue defendant OTC's health plan administrator, Laura Fitzgerald, is the apparent agent of defendants Henderson and CNA. Plaintiffs contend as a result of this agency relationship, defendants Henderson and CNA are bound by the alleged representation of defendant OTC's plan administrator, Laura Fitzgerald, that plaintiff was covered for his stay at Glenbeigh Hospital.

■ However, as a matter of law, no agency relationship exists between defendants CNA and Henderson on the one hand and Laura Fitzgerald on the other hand. Apparent authority or agency by estoppel has been described as follows:

"This authority to act as agent may be conferred if the principal affirmatively or intentionally, or by lack of ordinary care, causes or allows third

---

1. Plaintiffs have attached evidentiary material on the issue of estoppel and waiver to their appellate brief. This evidence is not part of the record below and, pursuant to App.R. 12, is stricken.

persons to act on an apparent agency. It is essential that two important acts be clearly established: (1) that the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of the facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority. * * * " *Ammerman v. Avis Rent A Car System* (1982), 7 Ohio App.3d 338, 340–341, 7 OBR 436, 438–439, 455 N.E.2d 1041, 1045, quoting *Logsdon v. ABCO Constr. Co.* (1956), 103 Ohio App. 233, 241–242, 3 O.O.2d 289, 293–294, 141 N.E.2d 216, 222–223. Agency by estoppel is based upon the concept where a principal clothes an agent with the appearance of authority or knowingly permits the agent to act as though he had such authority, the principal should be bound by acts within the agent's apparent authority which are relied upon in good faith by third parties. *Logsdon v. ABCO Constr. Co., supra.*

An employer's administration of a group insurance plan does not create an agency relationship between the employer and the insurance carrier since the employer is acting only for the benefit of its employees and the employer's own benefit in promoting better relations between itself and its employees. *Hroblak v. Metropolitan Life Ins. Co.* (App.1947), 50 Ohio Law Abs. 395, 403, 79 N.E.2d 360, 364.

In the case *sub judice*, defendant OTC's employee, Laura Fitzgerald, was not acting for the benefit of defendants Henderson and CNA. Rather, in administrating the plan, she was acting for the benefit of defendant OTC and its employees. In addition, the record fails to disclose Fitzgerald expressly informed plaintiffs she had the authority to bind the insurance company. The record reveals Fitzgerald, at most, informed plaintiff Sharon Kilbourn she personally believed plaintiff Don Kilbourn would be covered, but if defendants Henderson or CNA had any questions, they would contact Sharon Kilbourn. Under the circumstances, no agency by estoppel was created. See *Lewis v. Motorists Mut. Ins. Co.* (Mar. 4, 1982), Cuyahoga App. No. 43781, unreported, 1982 WL 5196.

Accordingly, construing the evidence most favorably for plaintiffs, there are no genuine issues of material facts upon which reasonable minds can differ, and defendants Henderson and CNA were entitled to judgment as a matter of law. Consequently, plaintiffs' sole assignment of error is not well taken and is overruled.

*Judgment affirmed.*

ANN McMANAMON, C.J., and PARRINO, J., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.