The ORCHARD GROUP, INC., Plaintiff,

v.

KONICA MEDICAL CORPORATION,
Defendant.

No. 92 CV 1815.

United States District Court,
N.D. Ohio.
Eastern Division.

Jan. 8, 1996.

Kathryn L. Boselli, Harvey Cornett, Jr., Arter & Hadden, Cleveland, OH and Daina B. VanDervort, Climaco, Climaco, Seminatore, Lefkowitz & Garofoli, Cleveland, OH, for plaintiff.

Robin G. Weaver, Stacy D. Ballin, Squire, Sanders & Dempsey, Cleveland, OH, David B. Snyder, Philadelphia, PA, Frank A. DiPiero, Cleveland, OH, and David B. Chaffin, Boston, MA, for defendant.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This action is before the Court on Defendant Konica Corporation's (hereinafter "Konica") Motion for Summary Judgment (Doc. # 74) against The Orchard Group (hereinafter "OGI"). The Motion is hereby **DENIED**.

## STATEMENT OF THE CASE

This case was filed by OGI against Konica on September 3, 1992; it was initially assigned to Judge Paul R. Matia. OGI's claims are for breach of contract, promissory estoppel and fraud.

On October 7, 1992, Judge Paul R. Matia disqualified himself from the case pursuant to 28 U.S.C. § 455(b)(5)(iii). The case was reassigned to Chief Judge George W. White.

Konica filed a Motion for Summary Judgment on May 27, 1994. OGI filed its Brief in Opposition to Konica's Motion for Summary Judgment on June 20, 1994. Thereafter, on June 28, 1994, Konica filed a Reply Brief in Support of its Motion for Summary Judgment.

On December 1, 1994, the case was reassigned to Judge Kathleen M. O'Malley. On July 12, 1995, pursuant to the protocol adopted by the judges of this court for the creation of the docket for the Honorable Donald C. Nugent, this case was transferred from the docket of Judge O'Malley to the docket of Judge Donald C. Nugent.

## STATEMENT OF THE FACTS

OGI was formed in early 1992 as a buying group for the purpose of offering non-hospital providers of health care a group discount on medical supplies such as x-ray film. In return for a fee paid to OGI, members of the group would be permitted to purchase medical supplies from a supplier at a discount group rate to be negotiated by OGI.

For the purpose of this Motion for Summary Judgment, both parties agree to the fact that Konica field Sales Representative Ms. Barbara Hunter (hereinafter "Ms. Hunter") represented to OGI she had authority to bind Konica.

During March of 1992, Kim Bernatz of OGI engaged in discussions with Ms. Hunter, concerning the possibility of Konica agreeing to supply x-ray film at a discount price. OGI alleges that the March 31, 1992 proposal letter transmitted from Ms. Hunter to Kim Bernatz was "accepted" by Kim Bernatz and constituted a binding contract. The March 31, 1992 letter proposed to offer Konica x-ray film at 40% off list price to OGI members with a rebate of up to 14% of gross sales direct to OGI. OGI relied solely upon the representations of Ms. Hunter to support its claim that it had a contractual relationship with Konica.

In April 1992, Ms. Hunter put Kim Bernatz in contact with Robert Weaver, Konica's Regional Manager for the Southwest, to discuss what type of discount would be competitive in California. Subsequent to Kim Bernatz's conversation with Mr. Weaver, on April 13, 1992, Barbara Hunter sent OGI a letter proposing to offer Konica x-ray film at 45% off list price for 36 month period, with rebates to OGI of up to 14%. Kim Bernatz was the sole representative of OGI to participate in any negotiations with Konica for a film agreement with OGI.

On May 6, 1992, three weeks after Barbara Hunter's April 13 proposal letter, Konica informed OGI it did not and would not approve the proposal and that it would not enter into any contract. The proposal was rejected by

Konica "primarily because it would not have been a good business opportunity." In response to Konica's refusal to enter into a contract, OGI initiated this action claiming breach of contract, promissory estoppel and fraud.

## STANDARD OF REVIEW

■ Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (citing FED.R.CIV.P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), *see also U.S. v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir.1985).

■ Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995) (quoting *Anderson,* at 248–49, 106 S.Ct. at 2510–11 (1986)). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citation omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. at 2512. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

■ Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 149 (6th Cir.1995). The text of FRCP 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*Id.* The Federal Rules identify the penalty for the lack of such a response by the non-moving party as an automatic grant of summary judgment, where otherwise appropriate.

■ Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that, " 'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.' " *Wiley v. U.S.,* 20 F.3d 222 (6th Cir.1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179,

1181 (9th Cir.1988)). Rule 56(e) also has certain, more specific requirements:

> [it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, at 225–26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249, 106 S.Ct. at 2510. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails:

> the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because

they may reasonably be resolved in favor of either party.

*Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

## DISCUSSION

### I

WHETHER KONICA'S EMPLOYEE HAD ACTUAL AUTHORITY TO BIND KONICA TO AN AGREEMENT WITH OGI.

Konica argues that it cannot be bound by the OGI contract based, in part, on its claim that "Hunter lacked actual, express or implied authority from Konica" to contract on its behalf. To support this argument, Konica relies on the deposition testimony of its President, Frank Minutolo and National Sales Manager, Brian Curd. Both Mr. Minutolo and Mr. Curd stated that Frank Minutolo had to approve all Konica's contracts and "only he possessed the actual authority to bind Konica to a contractual agreement with the terms" given to OGI. Therefore, Konica argues that its agent Ms. Hunter was never able to bind Konica.

The Ohio Supreme Court has defined the requirements for a principal to be bound by acts of an agent under the theory of apparent agency. "In order for a principal to be bound by the acts of his agent under the theory of apparent agency, evidence must affirmatively show: (1) that the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of those facts and acting in good faith had reason to believe and did believe that the agent possessed the necessary authority." *Master Consolidated Corp. v. BancOhio National Bank*, 61 Ohio St.3d 570, 575 N.E.2d 817 (1991), following and approving *Logsdon v. ABCO Construction Co.* 103 Ohio App. 233, 241–242, 141 N.E.2d 216 (1956); *Ammerman v. Avis Rent A Car System, Inc.* 7 Ohio App.3d 338, 455 N.E.2d 1041; and, *Blackwell v. International Union, U.A.W.* 9 Ohio App.3d 179, 458 N.E.2d 1272 (1983).

■ OGI argues that they believed Ms. Hunter *had* the authority to bind Konica. Construing the facts in a light most favorable to OGI, this Court finds that reasonable minds can conclude when Ms. Hunter offered OGI the contractual terms, which OGI accepted and then confirmed by Kim Bernatz, in her April 13, 1992 letter, reasonable minds could conclude that Ms. Hunter had the authority to enter into a contract on Konica's behalf.

Therefore under the principle of apparent agency, as set forth in *Master Consolidated Corp.*, Konica may be bound by the contract if Ms. Hunter's belief in the existence of her authority was reasonably based on the facts and manifestations of her superiors as she knew them to be when the OGI contract was made. After a thorough review of the deposition testimony, case law, and exhibits that were presented as evidence for the Motion for Summary Judgment and the · material filed in opposition, the Court concludes that OGI has demonstrated that there exists a genuine issue of material fact whether Ms. Hunter reasonably believed that she had authority to enter into a contract with OGI and whether Ms. Hunter actually had the authority to enter into a contract with OGI. As a result, the existence or non-existence of Ms. Hunter's actual authority cannot be decided by this Court as a matter of law.

Therefore, Konica's Motion for Summary Judgment based on the alleged lack of contractual authority is denied.

## II

WHETHER KONICA'S EMPLOYEE HAD THE APPARENT AUTHORITY TO BIND KONICA.

■ Konica asserts that "Barbara Hunter was not clothed with the authority to bind Konica to a nationwide effective discount for film in excess to 48% or that Konica knowingly permitted Barbara Hunter to act as if she had authority." Apparent Authority is an equitable doctrine which rests upon the theory that a principal should only be bound where: (1) the principal clothes an agent with the appearance of authority to act in a prescribed manner or knowingly permits the

agent to act as if he had such authority; (2) the agent acts within the scope of such apparent authority; and (3) third parties reasonably rely upon said acts in good faith and do not possess knowledge tending to contradict the agent's apparent authority. *Kilbourn v. Henderson*, 63 Ohio App.3d 38, 577 N.E.2d 1132 (Cuyahoga Cty.1989). The Ohio Supreme Court held in *Miller v. Wick Building Co.*, 154 Ohio St. 93, 93 N.E.2d 467 (1950).

> Even where one assuming to act as an agent for a party in the making of a contract has no authority to so act, such party will be bound by the contract if such party by his words or conduct, reasonably interpreted, caused the other party to the contract to believe that the one assuming to act as agent had the necessary authority to make the contract.

Paragraph 2 of the syllabus. The Court further recognized in *Master Consolidated Corp. v. BancOhio National Bank*, 61 Ohio St.3d 570, 575 N.E.2d 817 (1991).

> Where a principal has by his voluntary act placed an agent in such a situation that a person of ordinary prudence, conversant with business usages, and the nature of the particular business, is justified in assuming that such agent is authorized to perform on behalf of his principal a particular act, such particular act having been performed the principal is estopped as against such innocent third person from denying the agent's authority to perform it.

*Id.* at 576, 575 N.E.2d 817.

■ Konica provides that the evidence "ineluctably" establishes that the very moment it became aware of Ms. Hunter's proposal letters of March 31, 1992 and April 13, 1992 it acted to inform OGI that any authority Ms. Hunter had to bind Konica to such an agreement was "definitively repudiated". Further, Konica contends that there is no material fact to establish that it held Ms. Hunter out as having authority to bind Konica to the alleged contract. In addition, Konica contends that OGI failed to make any efforts to ascertain the extent of Ms. Hunter's authority to bind Konica. OGI, in response, argues Konica gave Ms. Hunter and Mr. Weaver their respective titles of "Terri-

tory Sales Manager" and "Regional Sales Manager" and allowed them to use these titles in dealing with the public. In addition, OGI further argues that OGI's good faith belief in Ms. Hunter and Mr. Weaver's authority is supported by the evidence.

The Court finds, based on all the evidence presented by the parties, that the issue of whether Konica held Ms. Hunter and/or Mr. Weaver out as possessing sufficient authority to enter into a contract with OGI is a genuine issue of material fact. Under the standards set forth in *Kilbourn, Miller* and *Master Consolidated Corp.*, the Court finds that based upon the materials presented in conformance with the Fed.R.Civ.P. 56, a genuine issue of material fact exists to whether Ms. Hunter or Mr. Weaver had the apparent authority to bind Konica to the OGI contract.

## III

WHETHER THE PROPOSAL LETTERS OF MARCH 31, 1992 OR APRIL 13, 1992 CONSTITUTE AN ENFORCEABLE REQUIREMENTS CONTRACT.

Konica contends that even if Ms. Hunter's letters are assumed to confirm a requirements contract, the quantity of the "requirements" OGI would need are too indefinite and speculative for the contract to be enforceable. Konica argues that the Ohio Revised Code § 1302.19(A) "clearly contemplates a disclosed framework based upon either a stated estimate or past performance history by which to determine guidelines for the quantity term of a requirements contract."

In response, OGI argues that Konica's argument is "factually incorrect" and "contrary to the plain and unambiguous words of the Uniform Commercial Code and the case law interpreting U.C.C. § 2–306."

■ A requirements contract is a contract which calls for one party to furnish materials or goods to another party to the extent of the latter's requirements in business. U.C.C. 2–306(1), as adopted by Ohio, sets forth the standard for a requirements contract:

A term which measures the quantity by the output of the seller or the requirements of the buyer means such actual output or requirements as may occur in good faith, except that no quantity unreasonably disproportionate to any stated estimate or in the absence of a stated estimate to any normal or otherwise comparable prior output or requirements may be tendered or demanded.

*Ohio Rev.Code Ann. 1302.19(A) (Baldwin 1988).*

■ Pure contract interpretation is a question of law which may be resolved by summary judgment. *P.J. Maffei Bldg. Wrecking Corp. v. United States*, 732 F.2d 913 (Fed.Cir.1984). However, the question of interpretation of language, the conduct, and the intent of the parties, i.e., the question of what is the meaning that should be given by the court to the words of a contract, may sometimes involve questions of material fact and not present a pure question of law. *Beta Systems, Inc. v. United States*, 838 F.2d 1179 (Fed. Cir.1988). When necessary to best interpret the contract, the Court should examine the materials the parties have submitted pursuant to Fed.R.Civ.P. 56(c) and 56(d). Should a genuine issue of material fact be presented, summary judgment would be inappropriate.

■ The question in this case is whether the proposal letters constitute an enforceable requirements contract. Specifically, Konica's argument is that the quantity OGI would need is too indefinite and too speculative for the contract to be enforceable.

The Court after a thorough review of the deposition testimony, case law and exhibits that were presented by Konica for the Motion for Summary Judgment and the materials filed in opposition the Court finds that Konica's argument involves a factual dispute that is material to interpreting the contract. Thus, Konica's motion for summary judgment may not be used to resolve this question.

## CONCLUSION

For the foregoing reasons, Konica's Motion for Summary Judgment is **DENIED** (Doc. # 74). Case is set for trial on February 26,

1996 at 9:00 a.m. Trial Order of November 6, 1995 remains in effect. **IT IS SO ORDERED.**