HODGKINSON, APPELLANT, *v.* DUNLOP TIRE & RUBBER CORP. ET AL., APPELLEES.

(No. 12868—Decided April 8, 1987.)

*Dianne R. Newman,* for appellant.
*Robert C. Buck, Jr.* and *Hunter S. Havens,* for appellees.

QUILLIN, P. J. This is a products liability case involving an exploding tire. The trial court granted summary judgment for the defendants because there was no evidence that the tire was defective. We affirm.

On September 22, 1983, plaintiff, Bruce J. Hodgkinson, was a garage manager employed by Summit County. On that day, Hodgkinson was mounting a tire manufactured and distributed by defendants when the tire exploded injuring Hodgkinson.

A tire expert hired by Hodgkinson examined the tire and stated in a detailed, unsworn report that he found no defects in workmanship or materials in the tire or rim. His report suggested that the tire explosion was caused by an improper mounting of the tire on the rim.

The defendants filed a motion for summary judgment on the grounds that there was no genuine issue of material fact and that they were entitled to judgment as a matter of law. The trial court held there was no evidence of a defective tire and therefore granted summary judgment.

Hodgkinson's sole assignment of error is:

"The judge erred in granting summary judgment for the defendants by failing to construe the evidence in favor of the non-moving party and by failing to recognize that there were material issues of fact on which reasonable minds could differ."

Civ. R. 56 is often incorrectly cited to stand for the proposition that the moving party must always negate the opponent's claim. *Celotex Corp.* v. *Catrett* (1986), 477 U.S. 317, holds to the contrary.

In *Celotex,* a widow filed a wrongful death action alleging that her hus-

band's death resulted from his exposure to asbestos products manufactured or distributed by defendant and others. Defendant filed a motion for summary judgment asserting that during discovery plaintiff failed to produce any evidence to support her allegation that the decedent had been exposed to defendant's products. The trial court granted the motion for summary judgment. The court of appeals reversed because defendant had not *negated* such exposure. The Supreme Court reversed the court of appeals and ruled that the defendant had no duty to negate the claim of exposure. The Supreme Court stated that the moving party always bears the initial duty to inform the trial court of the basis for its motion and to identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. In addition, the court stated:

"* * * [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. * * *" *Id.* at 322-323.

In the case *sub judice,* the accident occurred on September 22, 1983; the action was filed on September 15, 1985. In deposition on January 23, 1986, plaintiff acknowledged that he had not "obtained a verbal opinion from anyone as to what caused the separation or explosion," nor did he know the cause. Not only did Hodgkinson have no evidence that the tire was defective, his own tire expert apparently found no defect. Summary judgment was granted on October 15, 1986.

At trial, the burden of proof to prove a defective tire would have been upon Hodgkinson. Adequate time for discovery had elapsed. There was a complete failure of proof on an essential element. Therefore, the trial court did not err in granting summary judgment.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and CACIOPPO, JJ., concur.