BARNEY, Appellant,

v.

CHI CHI'S, INC. et al., Appellees.

[Cite as *Barney v. Chi Chi's, Inc.* (1992), 84 Ohio App.3d 40.]

Court of Appeals of Ohio,
Montgomery County.

No. 13482.

Decided Nov. 27, 1992.

---

*Thomas P. Liptock,* for appellant.

*Jane M. Lynch,* for appellees.

---

WOLFF, Judge.

Camilla Y. Barney appeals from a summary judgment granted against her and in favor of defendants, Chi Chi's, Inc., Joseph McBride, Joseph Martin, and Michael McKenzie. Chi Chi's is a restaurant chain, and the individual defendants were employed by Chi Chi's as managers.

Barney initiated an action against these defendants after her employment as a waitress at Chi Chi's was terminated. The defendants deposed Barney, and then moved for summary judgment, utilizing the deposition and a deposition exhibit as evidentiary support for the motion. Defendants' argument in support of summary judgment was that Barney was an employee-at-will and was properly terminated. Barney replied by memorandum, which claimed that her complaint was not for wrongful termination, but for sexual and racial harassment. She supported her reply with her affidavit that she was female, of "Afro-American" descent, and "while she was employed at Chi Chi's she was harassed and discriminated against because of her race and gender." Defendants then responded with an argument that the evidence before the trial court did not support claims of sexual and racial harassment. Defendants' response relied on Barney's deposition as evidentiary support. Barney did not reply, nor attempt to reply, to defendants' response.

Judge Barbara P. Gorman entered the following decision, entry, and order, which sustained defendants' motion for summary judgment and granted judgment, prompting Barney's appeal:

"This matter is before the Court pursuant to motion for summary judgment filed by defendants Chi Chi's, Inc., and three of its employees ('Chi Chi's').

### *"FACTS*

"In February 1990, and in spite of previously being fired by two other restaurants, plaintiff Camilla Y. Barney was hired as a waitress by Chi Chi's. On June 18, 1991, Barney was assigned to work in the smoking section of the restaurant. She had worked in the smoking section the previous day and did not want to work there again. When Barney expressed to the supervisor her aversion to working in the smoking section, he said that if she did not want to

work, she could go home. Barney went home; however, she failed to secure someone to cover for her. She was fired that day.

"Barney claims she was harassed during the time she worked for Chi Chi's. One time she was admonished for being late to work. Another time she and her supervisor disagreed over a Twenty Dollar ($20.00) shortage. Barney was never disciplined officially for these events. Barney also claims that one of her supervisors once referred to her as a 'black bitch.' Barney did not hear this alleged comment, but claims a coworker did. The supervisor does not remember uttering the comment, but apologized nevertheless.

"Barney, in her complaint, alleges that she was harassed within the scope of her employment in violation of company guidelines. Chi Chi's attempt[ed] to discern the meaning of Barney's complaint, [and] moved for summary judgment on grounds of Barney's status as an at-will employee. In her memorandum contra, Barney stated that her suit is not based on wrongful discharge; rather, it is based on sexual and racial harassment. Barney attached an affidavit to her memo contra. She averred that 'while she was employed at Chi Chi's, she was harassed and discriminated against because of her race and gender.'

## "LAW AND ANALYSIS

"Ohio Rules of Civil Procedure Rule 56 addresses summary judgment. Rule 56(C) provides in part:

" 'Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A Summary judgment shall not be rendered unless it appears from such evidence or stipulations and only therefrom that reasonable minds can come but to one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his [her] favor.'

"Two U.S. Supreme Court decisions address the respective burdens in motions for summary judgment under Federal Rules of Civil Procedure 56, which contains the same language as the Ohio Rule of the same number. In *Celotex Corp. v. Catrett* (1986), 477 U.S. 317 [106 S.Ct. 2548, 91 L.Ed.2d 265], the Supreme Court set forth its view of Rule 56(c) as follows:

" '[T]he plain language of Rule 56(c) mandates the entry of *summary judgment*, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an [element] essential

* * * to that party's case, and on which that party will bear the burden [of proof] at trial.' *Id.* at 322 [106 S.Ct. at 2552, 91 L.Ed.2d at 273.]

"The Supreme Court went on to decide another case involving summary judgment on the same date *Celotex Corp.* was decided. In *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242 [106 S.Ct. 2505, 91 L.Ed.2d 202], Justice White made the following observations [at pp. 247–248, 106 S.Ct. at p. 2510, 91 L.Ed.2d at p. 211], of the opinion:

" 'By its very terms this (summary judgment) standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. [Emphasis *sic*.]

" 'As to materiality, the substantive law will identify which facts are material. Only dispute over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.'

"Ohio courts are following the reasoning and analysis of these recent decisions. See *Hodgkinson v. Dunlop Tire and Rubber Corp.* (1987), 38 Ohio App.3d 101 [526 N.E.2d 89].

"In reviewing both the language of Rule 56 itself and the recent case analysis of this rule, it is clear that the Court must review the essential elements of the cause of action being challenged by this motion for summary judgment, and determine 'not whether [the judge] thinks the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.' *Anderson* [at 252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214]. The *Anderson* decision further notes that the nonmoving party must present 'specific facts' showing that there is a genuine issue for trial in order to defeat a motion for summary judgment. *Id.* at 256 [106 S.Ct. at 2514, 91 L.Ed.2d at 216–217].

"In *Kerans v. Porter Paint Co.* (1991), 61 Ohio St.3d 486 [575 N.E.2d 428], the Ohio Supreme Court announced a common-law right to sue for sexual harassment. The court, however, did not articulate the elements for this newly recognized tort. *Id.* at 496 [575 N.E.2d at 435–436] (Holmes, J., dissenting). Justice Holmes noted that federal courts generally require two elements: 'One, the alleged conduct must be conduct which would not occur but for the sex of the employee or conduct that is sexual in nature. * * * Two, the sexual conduct must be unwelcome.' *Id.* at fn. 4 (Holmes, J., dissenting).

"Federal courts employ the same general criteria when considering claims for racial or sexual harassment under Title VII. See *Meritor Savings Bank, FSB v. Vinson* (1986), 477 U.S. 57, 66 [106 S.Ct. 2399, 2405, 91 L.Ed.2d 49, 59]; *Rogers v.*

*EEOC* (5th Cir.1971), 454 F.2d 234 (race); *Henson v. Dundee* (11th Cir.1982), 682 F.2d 897 (sex). The operative words for a Title VII harassment claim are 'terms, conditions or privileges of employment,' and they are codified in Ohio's counterpart to Title VII, R.C. 4112.02(A).

"The Supreme Court has held that a plaintiff may establish a Title VII violation by demonstrating the employer created a 'hostile or abusive work environment.' *Meritor Savings Bank*, 477 U.S. at 66 [106 S.Ct. at 2405, 91 L.Ed.2d at 59]. To establish such a violation, a plaintiff must show the harassment was 'sufficiently severe or pervasive "to alter the conditions of employment and create an abusive working environment".' *Id.* (Quoting *Rogers*, 454 F.2d at 238.) However, not all words or acts constitute harassment, for a ' "mere utterance of an ethnic or racial epithet which engenders offensive feelings in an employee" would not effect the conditions of employment to a sufficiently significant degree to violate Title VII.' *Id.*

"In the present case, Barney alleges that she clashed with her superiors on two occasions—one concerning her tardiness and the other concerning a cash shortage. She also alleges that one supervisor told another person that she was a 'black bitch.' The confrontations and the comment (even if made) do not indicate pervasive or systematic discrimination. Rather, they were isolated incidents which do not rise to the level of racial and/or sexual harassment.

"Barney attempts to sidestep summary judgment by producing a conclusory affidavit stating that she was 'harassed because of her race and gender.' Rule 56(E) requires that the non-moving party 'do more than simply show there's some metaphysical doubt as to the material facts.' *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.* (1986), 475 U.S. 574, 586–587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552–553. The party opposing summary judgment must 'set forth *specific facts* showing that there is a genuine issue for trial.' ORCP 56(E). (Emphasis added.) See, also, *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 212. Since Barney has failed to demonstrate a genuine issue of material fact, she cannot survive summary judgment.

## "CONCLUSION

"After a careful review of the facts and circumstances set forth in this case, the Court finds that the motion for summary judgment of Chi Chi's is well taken and is hereby *SUSTAINED*. Judgment, therefore, is entered in favor of the defendants and against the plaintiff herein."

On appeal, Barney advances three assignments of error:

"1. The trial court erred in granting defendants' motion for summary judgment.

"2. The judgment of the trial court was contrary to law.

"3. The trial court abused its discretion and invaded the province of the jury in holding there is no genuine issue as to any material fact."

In her first assignment of error, Barney claims that defendants failed to establish the nonexistence of material factual issues. Her sole argument in support of this assignment is that defendants moved for summary judgment on the basis of the employment-at-will doctrine, whereas her claim was for racial and sexual harassment. While it is true that employment at will was the initial basis for defendants' motion for summary judgment, defendants, thereafter, in their "response" to Barney's "reply" advanced a meticulous argument that the evidence before the court failed, as a matter of law, to establish either sexual or racial harassment. The correctness of the trial court's holding to that effect will be discussed in connection with the third assignment of error. Suffice it to say at this point that defendants' response satisfied the requirement of *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, that the moving party specifically delineate the basis upon which summary judgment is sought.

■ Barney, by counsel, suggested at oral argument that she was precluded from replying to defendants' response, wherein they advanced for the first time that the evidence of record as to sexual or racial harassment was insufficient as a matter of law. Barney claims that she was precluded from replying to the defendants' response by the trial court's pretrial order, which provided only for "motions for summary judgment" and "responses to summary judgment motions." Despite the wording of the pretrial order, Barney did not move to strike defendants' response, and clearly the trial court saw fit to consider it. Nothing in the trial court's pretrial order foreclosed Barney from replying to defendants' response, nor does anything of record suggest that the trial court would not have permitted her to reply to an argument in support of summary judgment which defendants had advanced for the first time in their response to Barney's reply to their motion for summary judgment. As of the filing of defendants' response, eighty-three days remained before trial. Indeed, the trial court took forty-nine days after the filing of defendants' response to decide the motion for summary judgment. Under the circumstances, it was appropriate for the trial court to consider defendants' motion for summary judgment on the basis of whether the evidence supported Barney's claims of sexual or racial harassment.

The first assignment is overruled.

■ Barney contends in her second assignment that summary judgment was contrary to law because defendants "presented no evidence concerning the harassment issues" and, thus, failed to establish the nonevidence of material issues of fact. Barney fails to appreciate that defendants were entitled to, and

did, rely upon her deposition as evidence, and to argue that her deposition failed to establish sexual or racial harassment as a matter of law. The correctness of the trial court's accepting that argument is discussed in connection with the third assignment.

The second assignment is overruled.

In her third assignment, Barney claims the trial court invaded the province of the jury by deciding disputed issues of fact. This is not so. There were no disputed facts. The only facts were those contained in Barney's deposition and affidavit, and those facts were not in conflict. The trial court clearly recognized its function, and performed that function. See decision, quoted above.

■ Barney does not question the trial court's summary of the substantive law of sexual and racial harassment. Nor does she argue that the trial court wrongly determined that the three incidents identified in its decision, quoted above, do not amount to sexual or racial harassment. In our judgment, the trial court was correct as to these incidents, *i.e.,* they did not amount to sexual or racial harassment as a matter of law.

Our review of Barney's deposition reveals that she testified about other incidents of alleged harassment which were not identified by the trial court in its decision. After consideration of all incidents of alleged harassment contained in Barney's deposition testimony and affidavit, we are well satisfied that the trial court properly determined that the evidence before it, as a matter of law, failed to establish either sexual or racial harassment.

The third assignment is overruled.

The judgment will be affirmed.

*Judgment affirmed.*

WILSON and McBRIDE, JJ., concur.

ROBERT L. McBRIDE, J., retired, of the Second Appellate District, sitting by assignment.