**BELL, Appellant,**

**v.**

**CUYAHOGA COMMUNITY COLLEGE et al., Appellees.**

[Cite as *Bell v. Cuyahoga Community College* (1998), 129 Ohio App.3d 461.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73245.

Decided Aug. 24, 1998.

462

*Riek & Associates Co., L.P.A.,* and *F. Benjamin Riek III,* for appellant.

*Wilkerson & Associates, L.P.A., Ernest L. Wilkerson, Jr.,* and *Kathyrn M. Miley,* for appellees.

SPELLACY, Judge.

Plaintiff-appellant Donna Bell appeals from the trial court's order granting defendants-appellees' motion for summary judgment.

Appellant assigns the following errors for our review:

"I.   The trial court erred in granting summary judgment to defendants on plaintiff's claim of tortious violation of public policy in Count VI of her second amended complaint.

"II.   The trial court erred in granting summary judgment to defendants on plaintiff's claim of race discrimination pursuant to Ohio Revised Code 4112.99 in Count VII of her second amended complaint.

"III.   The trial court erred in granting summary judgment to defendants on plaintiff's claim of sexual discrimination/sexual harassment pursuant to Ohio Revised Code 4112.99 in Count V of her second amended complaint.

"IV.   The trial court erred in granting summary judgment to defendants on plaintiff's claim of sexual harassment in Count I of her second amended complaint."

Finding appellant's assignments of error to lack merit, we affirm the judgment of the trial court.

## I

On January 29, 1996, appellant filed a complaint against defendants-appellees Cuyahoga Community College and James Fell. Appellant filed an amended complaint on April 29, 1996. Appellant then filed a motion for leave to file a second amended complaint. On February 5, 1997, the trial court sustained appellant's motion and granted her leave to file her second amended complaint.

In her second amended complaint, appellant raised claims of (1) common-law sexual harassment, (2) intentional infliction of emotional distress, (3) invasion of privacy, (4) negligence, (5) sexual discrimination and sexual harassment under R.C. 4112.99, (6) tortious violation of public policy, (7) racial discrimination under R.C. 4112.99, and (8) violation of the Violence Against Women Act.

On July 2, 1997, appellant filed a motion for partial summary judgment. Appellees filed a motion for summary judgment on July 11, 1997. On August 28,

1997, the trial court granted summary judgment in favor of appellees on all of appellant's claims.

Appellant's claims arose from her employment with the college, which commenced in September 1990. On January 6, 1993, appellant was transferred to the nursing department as a secretary for Fell. Fell, at the time, was the division head of the college's nursing division.

The record indicates that Fell's managerial style was autocratic and rigid. Typical complaints the college received regarding Fell included (1) that he restricted the faculty's access to the supply room, (2) that he required all personnel to account for tardiness and absences, (3) that he required all faculty members to keep their office hours, and (4) that he prohibited the faculty from using the photocopier for large copy projects. Although the college's faculty criticized Fell's intimidating manner and inflexibility, all evidence indicates that he was consistent in his strict control over the nursing department.

Appellant's claims against Fell were also directed toward his managerial style. For example, appellant claimed that Fell once admonished her over the use of adhesive notes. Appellant also complained that Fell would berate her for her absenteeism.[1] Appellant raised several other occasions where Fell allegedly reprimanded, criticized, embarrassed, and intimidated her.

Appellant never formally complained to the college regarding Fell's behavior. However, appellant claimed that she informed the college of her grievances against Fell. For example, appellant claimed that she sent a letter regarding Fell's behavior to the college's human resources department on March 8, 1993. In April 1993, appellant met with Kathryn Hall, the college's district director for affirmative action and diversity, to complain about Fell's strict managerial style. Appellant also claimed that she sent a letter to Mary Stevenson, dean of the college's nursing program, on July 26, 1993. In this letter, appellant raised only the allegation that Fell called appellant at home regarding work. Appellant also sent a letter to human resources on August 14, 1993. However, this letter merely offered excuses for her absenteeism that had been recently noted in a performance evaluation done by Fell.

The college had an established sexual-harassment procedure, including a formal complaint process and procedure for resolving complaints. However, appellant failed to file a grievance against Fell. In fact, no employee of the college had ever filed a formal harassment complaint against Fell.

---

1. Appellant had a dismal attendance and punctuality record throughout her employment with the college.

## II

In her first assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of appellees on appellant's claim of tortious violation of public policy.

Our review of a summary judgment is *de novo.* *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212; *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 641 N.E.2d 265. Under Civ.R. 56(C), a motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the party against whom the motion is made, determines that (1) there are no genuine issues as to any material facts, (2) the movant is entitled to a judgment as a matter of law, and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. See *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 639 N.E.2d 1189; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 273–274.

Appellant bases her claim of tortious violation of public policy on two recent decisions of the Supreme Court of Ohio: (1) *Collins v. Rizkana* (1995), 73 Ohio St.3d 65, 652 N.E.2d 653, and (2) *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 677 N.E.2d 308. In *Collins* and *Kulch,* the Supreme Court of Ohio stated that a claim for wrongful discharge in violation of public policy is recognized in Ohio as an exception to the common-law employment-at-will doctrine. We note that the Supreme Court of Ohio first recognized wrongful discharge in violation of public policy as a viable cause of action in Ohio in *Greeley v. Miami Valley Maintenance Contractors, Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, at paragraph three of the syllabus. However, an employee may maintain a common-law cause of action against her employer pursuant to *Greeley* and its progeny only "so long as that employee * * * was subsequently discharged or disciplined." *Kulch,* 78 Ohio St.3d 134, 677 N.E.2d 308, paragraph three of the syllabus.

Appellant is not claiming that she was discharged or disciplined in violation of public policy. Instead, appellant argues, in effect, that she was harassed in violation of public policy. Neither *Greeley* nor its progeny have recognized a tort for harassment in violation of public policy. Likewise, this court refused to expand *Greeley* to create a cause of action for harassment in violation of public policy.

Accordingly, appellant's first assignment of error is without merit.

## III

In her second, third, and fourth assignments of error, appellant claims

that the trial court erred in granting summary judgment in favor of the college [2] on appellant's claims of hostile-work-environment sexual and racial harassment. In her complaint, appellant asserted three hostile-work-environment claims in her second amended complaint: (1) a common-law sexual-harassment claim, (2) a sexual-harassment claim pursuant to R.C. 4112.99, and (3) a racial-harassment claim pursuant to R.C. 4112.99.

R.C. 4112.02(A) states:

"It shall be an unlawful discriminatory practice:

"(A) For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

R.C. 4112.02(A)'s comprehensive prohibition against employment discrimination has been interpreted to include proscriptions against sexual and racial harassment. See *Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St.3d 131, 543 N.E.2d 1212; *Barney v. Chi Chi's, Inc.* (1992), 84 Ohio App.3d 40, 616 N.E.2d 269.

To determine the essential elements of a claim of hostile-environment sexual or racial harassment pursuant to R.C. 4112.02(A), Ohio courts have looked to federal case law interpreting Title VII of the Civil Rights Act of 1964, Section 2000e *et seq.*, Title 42, U.S.Code. See *Delaney v. Skyline Lodge, Inc.* (1994), 95 Ohio App.3d 264, 270, 642 N.E.2d 395, 399–400; *Little Forest Med. Ctr. of Akron v. Ohio Civ. Rights Comm.* (1991), 61 Ohio St.3d 607, 609–610, 575 N.E.2d 1164, 1167–1168.

To establish a claim brought under R.C. Chapter 4112 against an employer for hostile-work-environment sexual or racial harassment,[3] a plaintiff must establish (1) that the employee was a member of the protected class, (2) that the employee was subjected to unwelcome harassment, (3) that the harass-

---

**2.** We note that only an "employer" may be held liable for sexual and racial harassment, whether based on common law or statute. *Kerans v. Porter Paint Co.* (1991), 61 Ohio St.3d 486, 575 N.E.2d 428; R.C. 4112.02. Therefore, Fell may not be held personally liable on appellant's hostile-work-environment claims. See *Wathen v. Gen. Elec. Co.* (C.A.6, 1997), 115 F.3d 400, 404 ("an employee/supervisor, who does not otherwise qualify as an 'employer,' cannot be held individually liable under Title VII and similar statutory schemes").

**3.** Courts employ the same criteria used for analyzing sexual harassment when considering claims for racial harassment. *Barney*, 84 Ohio App.3d at 43, 616 N.E.2d at 271–272; *Risinger v. Ohio Bur. of Workers' Comp.* (C.A.6, 1989), 883 F.2d 475, 485; *Patterson v. McLean Credit Union* (1989), 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132.

ment complained of was based upon sex or race, (4) that the harassment had the purpose or effect of unreasonably interfering with the employee's work performance or creating an intimidating, hostile, or offensive work environment, and (5) the existence of *respondeat superior* liability. See *Delaney*, 95 Ohio App.3d at 270, 642 N.E.2d at 399–400; *Harris v. Forklift Sys., Inc.* (1993), 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295.

Appellant also asserted a common-law sexual-harassment claim in her complaint. The common-law tort of sexual harassment was created by the Supreme Court of Ohio in *Kerans v. Porter Paint Co.* (1991), 61 Ohio St.3d 486, 575 N.E.2d 428. In *Kerans,* the court held:

"Where a plaintiff brings a claim against an employer predicated upon allegations of workplace sexual harassment by a company employee and where there is evidence in the record suggesting that the employee has a past history of sexually harassing behavior about which the employer knew or should have known, summary judgment may not be granted in favor of the employer, even where the employee's actions in no way further or promote the employer's business." *Id.,* at paragraph two of the syllabus.

Although *Kerans* created the common-law tort of sexual harassment, it did not clearly define the elements of this cause of action. Subsequent courts interpreting and applying *Kerans* have adopted the elements of statutory sexual harassment listed above. See *Barney, supra; Thompson v. W. Auto Supply Co.* (May 8, 1996), Delaware App. No. 95CA–E–05–030, unreported, 1996 WL 488029. Moreover, to establish a common-law harassment claim, a plaintiff must also point to evidence in the record suggesting a past history of sexual harassment about which the employer knew or should have known. *Kerans,* at paragraph two of the syllabus.

The Supreme Court of the United States has recently held that in order to be actionable under Title VII, a hostile work environment "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Faragher v. Boca Raton* (1998), 524 U.S. 775, ——, 118 S.Ct. 2275, 2283, 141 L.Ed.2d 662, 676, citing *Harris,* 510 U.S. at 21–22, 114 S.Ct. at 370–371, 126 L.Ed.2d at 302. In *Faragher,* the court stated:

"We directed courts to determine whether an environment is sufficiently hostile and abusive by 'looking at all the circumstances,' including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.' * * *

" * * * We have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment * * * " *Id.* at —— — ——, 118 S.Ct. at 2283–2284, 141 L.Ed.2d at 676–677, quoting *Harris,* 510 U.S. at 23, 114 S.Ct. at 371, 126 L.Ed.2d at 302–303.

After reviewing all the circumstances raised by the appellant in the instant case, we find that her work environment was not sufficiently hostile and abusive to be actionable under either R.C. Chapter 4112 or the common-law tort of harassment. Contrary to appellant's contentions, the conduct of her supervisor, Fell, including admonishing an employee for wasting office supplies, expressing disapproval of an employee's frequent tardiness and absenteeism, and reprimanding an employee for making costly mistakes, does not constitute sexual or racial harassment.

Fell's conduct was not frequent, severe, physically threatening, or humiliating. Moreover, the conduct complained of did not unreasonably interfere with appellant's work performance. Therefore, the trial court did not err in granting summary judgment in favor of the college on appellant's hostile-work-environment claims.

Accordingly, appellant's second, third, and fourth assignments of error are without merit.

*Judgment affirmed.*

DYKE, P.J., and MICHAEL J. CORRIGAN, J., concur.