JOURNAL ENTRY and OPINION
This case is before the court on appeal from a decision of the Cuyahoga County Common Pleas Court granting summary judgment in favor of the appellee-employer in this action by a dismissed employee for breach of an express or implied employment contract and breach of an implied covenant of good faith and fair dealing. In her single assignment of error, appellant, the former employee, argues:
 THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF DEFENDANT ON PLAINTIFF'S CLAIM FOR IMPLIED AND EXPRESS EMPLOYMENT CONTRACT.
We conclude that there was no genuine issue as to any material fact and the employer was entitled to judgment as a matter of law on the employee's claims; therefore, we affirm the trial court's decision.
 FACTUAL AND PROCEDURAL BACKGROUND
The complaint in this case alleged that plaintiff, Vicki Malone, was employed by defendant, Anchor Tool Die Co., for approximately one year, from July 1996 to July 18, 1997, pursuant to an employment contract "contained in several writings, including, but not limited to the Anchor Tool Die/Anchor Metal Processing Company Handbook." The handbook contained personnel policies and procedures, which the employee claimed were supplemented with written or oral commitments, all of which became part of the parties' alleged agreement.
The employee first claimed her employment was terminated in violation of the agreement. Second, she claimed the employer violated an implied covenant of good faith and fair dealing by harassing her and making false statements about her performance. Finally, the employee claimed the employer made oral and written promises that employees would only be discharged or disciplined in accordance with the progressive discipline policy. The employer's answer denied the complaint's allegations.
After discovery closed, the employer moved for summary judgment arguing that the plaintiff was an employee at will, terminable at any time for any reason or no reason. In an opinion rendered November 30, 1998, the trial court agreed, concluding that, as a matter of law, the employer's handbook did not create an express or implied contract. Moreover, the court held, plaintiff's assertion that she was induced to leave her previous employment with promises that she would not be discharged except via the procedures explained in the handbook was insufficient to support a promissory estoppel claim. Plaintiff timely appealed this ruling.
The record discloses the following undisputed material facts. Appellant-employee was hired by appellee-employer in July 1996 as a production scheduler. She negotiated her rate of pay and negotiated for time off for her honeymoon, but she did not negotiate any other terms before her employment began.
At the end of her first day, she was given a copy of appellee's employee handbook. She understood that appellee had the power to amend the handbook at any time, without her consent. The handbook was amended in January 1997. The fifth paragraph of the introduction to the amended handbook provided:
 Your employment is "at will" and therefore, just as you may terminate your relationship with the Company at any time for any reason, the Company expressly reserves the right to terminate the employment of any employee at its sole discretion. This employee manual does not constitute an express or implied contract of employment. No one, except the President of the Company, has the authority to change this employment relationship, and such change must be in writing and properly signed to be valid.
Paragraph (00) of the handbook contained "Procedures for Personal Conduct," including representative lists of conduct that would lead to discipline. These lists were separated into those violations that would subject the employee to immediate discharge and those that would result in progressive discipline.
When she received the amended handbook, appellant signed an acknowledgment in which she stated that she understood that the handbook "is not in any way a contract of employment or intended to created [sic] any binding legal obligations on the part of the Company to me."
Appellant was discharged on July 18, 1997. Her termination notice indicated that she was "working below acceptable levels of performance; see attached job description. Vicki did not notify customer of the delivery concerns."
 LAW AND ANALYSIS
This court reviews de novo the trial court's decision to grant summary judgment to the employer. Bell v. Cuyahoga CommunityCollege (1998), 129 Ohio App.3d 461 (citing Smiddy v. The WeddingParty, Inc. [1987], 30 Ohio St.3d 35).
Summary judgment is proper where there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. If the evidence is construed most strongly in favor of the non-moving party and reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is made, then summary judgment should be granted. Civ.R. 56; State ex rel. Parsons v. Fleming (1994),68 Ohio St.3d 509, 511.
 * * * [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the non-moving party's claims. * * * [T]he moving party just be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. * * * [I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
Appellant urges that genuine issues of material fact precluded summary judgment against her on her claims for breach of express or implied contract. Appellant apparently accepts the judgment against her on her claims for promissory estoppel and breach of an implied covenant of good faith and fair dealing. She claims only that there was a factual question whether the employee handbook created an express or implied contract.
We perceive no genuine issue of material fact. In her deposition testimony, appellant acknowledged that the company had the power to amend the handbook at any time, without her consent. Such unilateral power contradicts the very concept of a contract. Moreover, the handbook distributed to appellant in January 1997 stated on its face that it did not constitute an express or implied contract and that appellee expressly reserved the right to terminate any employee at any time. Appellant acknowledged that the handbook was not a contract. The disclaimer and acknowledgment are unambiguous and, as a matter of law, voided any express or implied contract that may have existed. Root v.PCC Airfoils, Inc. (Oct. 1, 1998), Cuyahoga App. Nos. 73149-51, 73402-04, unreported, at 20.
While the evidence is unclear whether disclaimer language appeared in the handbook originally distributed to appellant in July 1996, a disclaimer was not necessary to prevent the handbook from forming a contract. To create a contract, there must be evidence of a meeting of the minds; ordinarily, a handbook is merely a unilateral statement of rules and policies that creates no obligations or rights. Appellant presented no evidence to support a different construction of the handbook here. Tohline v.Central Trust Co., N.A. (1988), 48 Ohio App.3d 280, 282.
The trial court correctly concluded that there was no genuine issue as to any material fact and that, as a matter of law, appellant was an at-will employee subject to discharge for any reason or no reason at all. Therefore, we reject appellant's sole assignment of error and affirm the trial court's decision.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. and LEO M. SPELLACY, J. CONCUR
 ________________________ JUDGE KENNETH A. ROCCO