JOURNAL ENTRY and OPINION
Plaintiff-appellant William R. Smith appeals the trial court's decision granting summary judgment in favor of defendant-appellee Greater Cleveland Regional Transit Authority. For the reasons below, we affirm.
Appellant, an African-American male, commenced employment as a janitor with appellee on September 29, 1997. From September 29, 1997, until some time in January 1998, appellant worked in appellee's Root-McBride Building located on West 6th Street in downtown Cleveland. In January 1998, he was transferred to the appellee's Triskett Road facility, also in Cleveland. At both locations, appellant's immediate supervisor was Ronald Turley, the supervisor of janitorial services. Turley is a male Caucasian.
During the time that he worked at the Root-McBride Building, appellant was never reprimanded, and according to his deposition testimony, received compliments from Turley regarding his work. However, upon being transferred to the Triskett facility, complaints about the quality of his work began almost immediately. The complaints made against appellant came from Barry Grant, an African-American male, who is a superintendent at the Triskett facility. Grant twice complained to Turley that appellant had not cleaned the bathroom floors or restocked the supplies, and that he failed to empty the trash. These were all appellant's job duties. Turley addressed the complaints with appellant on January 21, 22, 25 and February 2, 1998.
Appellant maintains that Grant also approached him directly on two occasions, and once by telephone regarding his complaints. At each of these confrontations Grant used profanity while admonishing appellant regarding the quality of his performance.
On February 5, 1998, Turley met with appellant to discuss appellant's failure to clean the bathrooms, his act of leaving chairs on top of chairs and tables, and an incident where he forgot to unplug a piece of equipment which caused a safety hazard.
On March 12, 1998, appellant had waxed Grant's and the assistant superintendent's office floors. According to a memorandum prepared by Turley, wax had been splashed on the door in Grant's office, and in the assistant superintendent's office, wax was splashed on the top and sides of his desk.
Appellant maintains that all of the incidents above were the result of the actions of his co-worker, a white female janitor, who was sabotaging his work. Appellant alleges that his co-worker was ruining his work after he completed his tasks, and that she would frequently complain about his work to Turley and Grant. In his deposition, appellant testified that another co-worker told him to watch his back because the female janitor was sabotaging his work. However, he further testified that neither he nor the co-worker who warned him had ever seen the female janitor ruin any of his work.
On March 13, 1998, sixteen days prior to the expiration of his six-month probationary period, appellant's employment was terminated.
Appellant filed a complaint in the Cuyahoga County Common Pleas Court against appellee and Amalgamated Transit Union, Local 268. The case was removed to the United States District Court because of federal claims contained in the complaint. Thereafter, appellant dismissed the union and the federal claims, and filed an amended complaint. The matter was then remanded to the common pleas court. Appellant's amended complaint alleges that he was discriminated against and harassed because of his race or sex, that the actions took place after the expiration of his six-month probationary period, and that he suffered emotional and psychological distress because of the intentional acts of appellee.
On remand, appellee moved for summary judgment. In his brief in opposition to summary judgment, appellant argues that appellee failed to address his main claim[s] of racial and gender discrimination. Appellant raises the same argument in his brief before this court. Presumably, appellant is arguing that because the motion for summary judgment did not address the discrimination claims, those issues have not been resolved by the trial court. However, although the arguments set forth in appellee's memorandum in support of its motion for summary judgment only address appellant's hostile work environment and intentional infliction of emotional distress claims[1], the motion for summary judgment makes it clear that the appellee was seeking summary judgment on all of the claims raised by the appellant.[2]
In his brief in opposition, appellant did not address his claims regarding the probationary period and his claim of intentional infliction of emotional distress. Thus, it is assumed that he did not oppose summary judgment on those claims. Further, in his brief filed in this court, appellant only addresses his claims of racial and gender discrimination. Therefore, only those claims are addressed specifically below.
 I. THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
This court reviews the lower court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 671 N.E.2d 241; Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581,585, 706 N.E.2d 860.
The Ohio Supreme Court recently restated the appropriate test in Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-70, 696 N.E.2d 201
as follows:
 Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
 Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197.
 Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59, 604 N.E.2d 138.
 Racial or Sexual Harassment
In his amended complaint, appellant argues that he has been subjected to a hostile work environment and harassment, including, but not limited to, unwarranted discipline, unwarranted scrutiny and unfair and discriminatory performance evaluations.
R.C. 4112.02(A) states:
 It shall be an unlawful discriminatory practice: (A) For any employer, because of the race, color, religion, sex, national origin, handicap, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.
R.C. 4112.02(A)'s comprehensive prohibition against employment discrimination has been interpreted to include proscriptions against sexual and racial harassment. Bell v. Cuyahoga Community College, et al. (1998), 129 Ohio App.3d 461, 717 N.E.2d 1189, citing, Helmick v. Cincinnati Word Processing, Inc. (1989), 45 Ohio St.3d 131,543 N.E.2d 1212; Barney v. Chi Chi's, Inc. (1992), 84 Ohio App.3d 40,616 N.E.2d 269.
To establish a claim brought under R.C. Chapter 4112 against an employer for hostile work environment created by sexual or racial harassment, a plaintiff must establish: (1) the employee was a member of the protected class; (2) the employee was subjected to unwelcome harassment; (3) the harassment complained of was based upon sex or race; (4) the harassment had the purpose or effect of unreasonably interfering with the employee's work performance or creating an intimidating, hostile, or offensive work environment; and (5) the existence of respondeat superior liability. Bell, 129 Ohio App.3d at 466, citing, Harris v. Forklift System, Inc. (1993), 510 U.S. 17, 126 L.Ed.2d 295,114 S.Ct. 367.
As an African-American, appellant is a member of a protected class. Thus, the first prong of the hostile work environment test has been established.
In the instant case, appellant claims that he was harassed by Grant. On three separate occasions the superintendent used profanity when admonishing appellant for unsatisfactory work.[3] Despite being inappropriate comments, appellant has not established that the comments were more than isolated remarks unrelated to the decision-making process. See Brewer v. Cleveland Bd. Of Edn. (1997), 122 Ohio App.3d 378,701 N.E.2d 1023. Nonetheless, we will construe the evidence in the light most favorable to appellant and assume that the existence of said remarks constitutes unwelcome harassment. Thus, appellant has met the second prong of the hostile environment test.
However, the comments made were neither racial or sexual in nature. Furthermore, they were made by Grant, who is also an African-American male. Thus, appellant has failed to establish that the harassment was based on race or sex. Therefore, appellant failed to meet the third prong of the hostile environment test.
In addition to the alleged harassment by Grant, appellant maintains that the disciplinary actions taken by appellee were unfair and discriminatory. However, the evaluations of appellant's performance were justified based on the complaints that Turley received about appellant's work. Appellant has presented no evidence to support that said measures were taken merely to harass him. Further, appellant has presented no evidence that disciplinary measures were not taken when similarly situated employees failed to perform their duties.
Based on the foregoing, appellant has failed to establish that the alleged harassment complained of was based upon his sex or race. Therefore, the trial court did not err in granting summary judgment in appellee's favor on this claim.
 Racial or Sexual Discrimination
Appellant also alleges that appellee's failure to conduct an investigation of his allegation that his work was being sabotaged by a co-worker constitutes racial and sexual harassment.
The appellee asserts that its actions were not based on racial or sexual discrimination and maintains that no investigation was done because appellant's claims of sabotage were unsubstantiated. Appellee further asserts that appellant was terminated because he failed to meet the objective standards set for his position.
The appellant counters the appellee's argument by asserting that the evaluations of appellant's job performance were based on false allegations made by his co-worker, and should not be given credence because he did the work that his supervisor accused him of not doing, and that he was falsely accused of splashing wax around the superintendents' offices.
The analysis of employment discrimination cases as adopted by this court in Nelson v. Marymount Hospital (Aug. 17, 2000), Cuyahoga App. No. 76369, unreported, is applied below.
To prevail in an employment discrimination case, a plaintiff must prove discriminatory intent. Mauzy v. Kelly Services, Inc. (1996),75 Ohio St.3d 578, 664 N.E.2d 1272. A litigant may use either the direct or the indirect method of proof. Byrnes v. LCI Communication Holdings Co. (1996), 77 Ohio St.3d 125, 672 N.E.2d 145. Ohio courts apply these methods in accordance with federal law. Barker v. Scovill, Inc. (1983),6 Ohio St.3d 146, 451 N.E.2d 807.
Appellant seeks to establish his claim under the indirect method of proof, which permits him to establish discriminatory intent through the analysis set forth in McDonnell Douglas Corp. v. Green (1973),411 U.S. 792, 36 L.Ed.2d 668, 93 S.Ct. 1817. In order to establish discrimination based upon race, appellant must produce some evidence of each of the following elements: 1) plaintiff is a member of a racial minority; 2) plaintiff suffered an adverse employment action; 3) plaintiff was qualified for the position; and, 4) a comparable, non-protected person was treated more favorably. Brewer v. Cleveland Bd. of Edn. (1997), 122 Ohio App.3d 378, 701 N.E.2d 1023, citing to McDonnell Douglas, supra.
Once the plaintiff has set forth a prima facie case of discrimination, the burden shifts to the defendant to rebut the presumption of discrimination by producing evidence that its actions regarding the plaintiff were taken based on legitimate nondiscriminatory reasons. Texas Dept. of Community Affairs v. Burdine (1981), 450 U.S. 248,67 L.Ed.2d 207, 101 S.Ct. 1089. The ultimate burden of persuasion remains at all times with the plaintiff. Id.
Here, appellant is an African-American; thus, the first prong of the disparate treatment prima facie case is proven. McDonnell, supra. The second prong has also been met because the termination of his employment is an adverse employment action.
Turning to the third prong, this court must examine whether or not the appellant was qualified for the position. Where a litigant is not qualified for the position, the prima facie case has not been met and summary judgment is appropriate. Nelson, citing, Neubauer v. A.M. McGregor Home Corp. (1994), Cuyahoga App. No. 65579, unreported. In order to demonstrate qualification for a position, a litigant must not only demonstrate the capability of performing the work, but must also demonstrate that he or she is meeting the employer's legitimate expectations.
In the case at hand, appellant was not meeting appellee's legitimate expectations in the performance of his work as a janitor. This is demonstrated by the poor performance noted in the disciplinary meeting notes during appellant's probationary period, which stated, among other complaints, that appellant failed to clean and restock the bathrooms. These were appellant's essential job duties. Although the appellant contends that he had actually done the work, and that the work was being sabotaged by his co-worker, appellant failed to present any evidence to substantiate this claim. Therefore, his supervisor's failure to investigate the matter was justified. When specifically asked during his deposition whether he had any proof of his theory of sabotage, appellant was unable to provide any. He stated that a co-worker had advised him of the sabotage, but admitted that neither he nor the co-worker had seen the female janitor in question do anything to undermine appellant's work. Thus, appellant failed to present specific facts to show a genuine issue at trial. See Mootispaw, 76 Ohio St.3d at 383. As such, appellant has not presented evidence that he was qualified for the position. Therefore, he has failed to meet his burden under the third prong of the McDonnell Douglas test.
Furthermore, appellant has failed to meet the fourth prong of McDonnell Douglas as he has failed to show that a non-protected individual was given preferential treatment.
Appellant maintains that appellee has conceded to his allegation that his white female co-worker received preferential treatment.
In support of his position, appellant cites appellee's memorandum in support of its summary judgment motion, which states the following:
 [Smith's allegations are based solely on his belief that his co-worker, who happened to be a white female, was given preferential treatment on the job. (Emphasis added.)
Appellant maintains that this language serves as a concession by appellee that the white female in question did in fact receive preferential treatment, and that as a result, appellant has met his burden of establishing a prima facie case of racial discrimination because this is unrebutted evidence of preferential treatment.
Appellant is misguided in his interpretation of this sentence. Clearly, appellee was just reiterating the argument set forth by appellant. The words on his belief establish that this is the belief of the appellant, not a fact, and certainly not an admission on the part of appellee. As such, this argument is without merit. Appellant has failed to set forth any evidence that the white female employee received preferential treatment. As a result, he has failed to establish a prima facie case of racial discrimination. Therefore, summary judgment in favor of appellee was appropriate.
Appellant has failed to present any genuine issues of material fact regarding his claims of racial or sexual discrimination. Accordingly, we affirm the decision of the court below.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ COLLEEN CONWAY COONEY, J.:
TIMOTHY E. McMONAGLE, P.J., and KENNETH A. ROCCO, J., CONCUR
[1] Appellee erroneously analyzes appellant's racial and sexual discrimination claims as a claim of discriminatory retaliation. However, appellant did not raise such a claim in his amended complaint.
[2] In pertinent part, appellee's motion for summary judgment states that GCRTA * * * moves this Honorable Court for Summary Judgment on each of Plaintiff's claims for race and sex discrimination and hostile work environment. * * * [GCRTA] requests that this Court grant its Motion for Summary Judgement and to dismiss all of Plaintiff's claims in their entirety. (Emphasis added.)
[3] Appellant testified that on one occasion Grant told him that the floors look like shit and on another Grant said that appellant left his damn door unlocked and that he better not let this shit happen again.