JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Cheryl Waiters ("Appellant") appeals from the judgment of the trial court which granted summary judgment in favor of defendant-appellee the City of Cleveland ("city"). For the reasons set forth below, we affirm the judgment of the trial court.
 {¶ 2} Appellant is employed by the city as an electrician and was assigned to Cleveland Hopkins International Airport beginning in April of 1999 as a part of a settlement from a discrimination claim she filed in 1996. According to the appellant, she was the only female in a male dominated field of work and was continually harassed and discriminated against by the city through the use of the city's progressive disciplinary policy. She alleged that she was discriminated against because her superiors were aware that she had received her assignment at the airport as a result of a sexual discrimination claim.
 {¶ 3} On December 22, 1999, the appellant filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that she was being subjected to a hostile work environment and that she was being unjustly disciplined in retaliation for having previously filed a charge of sexual discrimination against her supervisor. The appellant alleged that after filing the December claim, she was subjected to inappropriate comments, inappropriate physical contact, and disciplinary actions grounded in false and pretextual bases. The appellant was disciplined on multiple occasions and suspended several times before filing her complaint ten months later.
 {¶ 4} On October 13, 2000, the appellant filed a complaint against her employer, the City of Cleveland and her supervisor, James Gilford, complaining of sexual harassment and retaliatory practices in violation of Title VII 42 U.S.C. § 2000 et. seq. and R.C. Chapter 4112. Appellant sought judgment against the defendants and compensatory and punitive damages. Gilford filed a counterclaim, which he later dismissed. The city moved for summary judgment which the appellant opposed, but the trial court granted.[1]
 {¶ 5} The trial court determined that the appellant failed to make a prima facie case of retaliatiory discrimination under Title VII 42 U.S.C. § 2000 et. seq and R.C. Chapter 4112. It found that the appellant failed to establish by the requisite amount of evidence that an adverse employment action occurred. Furthermore, the trial court found that the appellant failed to establish that a causal connection existed between the discipline imposed upon her and her claim of discrimination with the EEOC. It is from this ruling that the appellant now appeals, asserting two assignments of error for our review.
 {¶ 6} "I. The trial court erred when it granted the defendant-appellee City of Cleveland's Rule 56 (C) motion for summary judgment on plaintiff's claim of retaliation for filing a charge of sex based discrimination with the E.E.O.C. and in the process denied without consideration, plaintiff-appellant's claim for sex based discrimination and harassment."
 {¶ 7} "II. The trial court erred in granting defendant-appellee City of Cleveland's Rule 56 (C) motion for summary judgment on plaintiff-appellant's retaliation claim under Title VII and the Ohio Revised Code Chapter 4112 when genuine issues as to material facts remain to be litigated."
 {¶ 8} We address together appellant's first and second assignments of error, as both aver that the trial court erred in granting summary judgment.
 {¶ 9} With regard to procedure, we note that this court reviews the lower court's grant of summary judgment de novo in accordance with the standards set forth in Rule 56 (C) of the Ohio Rules of Civil Procedure. North Coast v. Hanneman (1994), 98 Ohio App.3d 434, 440. In order for summary judgment to be properly rendered, it must be determined that:
 {¶ 10} "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. See, also, State ex rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 448. The moving party bears the initial burden of demonstrating that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v.Catrett (1986), 477 U.S. 317, 323; Zivich v. Mentor Soccer Club (1998),82 Ohio St.3d 367, 369-370. When faced with a proper motion, a party opposing summary judgment must come forward with sufficient evidence on issues on which he will bear the burden of proof at trial. Felker v.Schwenke (1998), 129 Ohio App.3d 427, 430. Thus, where the non-moving party would have the burden of proving a number of elements in order to prevail at trial, the moving party in the summary judgment motion may point to evidence that the non-moving party cannot possibly prevail on an essential element of the claim. See e.g. Stivison v. Goodyear Tire Rubber Co. (1997), 80 Ohio St.3d 498, 499. If the moving party meets this burden of proof, the burden then shifts to the non-moving party to show that there is a genuine issue of material fact as to that element.Celotex, supra. Specifically, the non-moving party must produce evidence pursuant to Civ.R. 56 setting forth specific facts which show that there is a genuine triable issue. State ex rel. Zimmerman v. Tompkins, supra at 449.
 A. Sexual Harassment {¶ 11} With regard to appellant's substantive claims, we note that R.C. 4112.02 (A) prohibits an employer from engaging in sexual discrimination against an employee. This includes subjecting an employee to sexual harassment. Peterson v. Buckeye Steel Casings (1999),133 Ohio App.3d 715, 723.
 {¶ 12} Case law interpreting and applying Title VII of the Civil Rights Act of 1964, Section 701 et seq., as amended Section 2000e et. seq., Title 42 U.S. Code ("Title VII"), is generally applicable to cases involving R.C. Chapter 4112.[2] Ohio Civil Rights Comm'n. v. Ingram
(1994), 69 Ohio St.3d 89, 93; Peterson v. Buckeye Steel Casings, supra. For sexual harassment to be actionable, the appellant must prove 1.) that the sexual harassment was unwelcome, 2.) that the harassment was based on her sex, and 3.) that the harassment was sufficiently severe or pervasive "to alter the conditions of [the victim's] employment and create an abusive working environment." Meritor Sav. Bank, FSB v. Vinson (1986),477 U.S. 57, 67. That is, the nature of harassment: "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." Bell v. Cuyahoga Community College (1998),129 Ohio App.3d 461, 467, citing Faragher v. Boca Raton (1998),524 U.S. 775, 787. In this case, the appellant failed to properly plead a claim of sexual harassment or discrimination in her complaint. The complaint did not allege that the city subjected her to harassment that was based on her sex or that the alleged harassment to which she was subjected was so severe or pervasive as to create an abusive or hostile work environment. Instead, her complaint merely stated, "now comes the Plaintiff, Cheryl D. Waiters, complaining of sexual harassment and retaliatory practices * * *." (Complaint p. 1). However, the complaint proceeded to set forth only a claim of retaliation. While the complaint alleged that the appellant had been subjected to inappropriate comments and physical contact, the complaint stated, "In retaliation for the filing * * * Plaintiff has been subjected to inappropriate comments, inappropriate physical contact * * *." This statement clearly alleges a charge of retaliation, not sexual harassment or discrimination.
 {¶ 13} Therefore, the trial court's order granting summary judgment to the defendant solely on the claim of retaliation is not in error. The trial court did not have before it a claim for sexual harassment or discrimination.
 B. Retaliation {¶ 14} Pursuant to R.C. 4112.02(I), it is unlawful to retaliate against an employee who has opposed any unlawful discriminatory practice or has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under R.C. 4112.01 through4112.07. See, also, 42 U.S.C. § 2000e-3(a), ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice. . . .").
 {¶ 15} In determining whether the trial court correctly granted summary judgment in favor the of the city on the appellant's claim for retaliation, we employ the burden-shifting analysis set forth inMcDonnell Douglas Corp. v. Green (1973), 411 U.S. 792. See Chandler v.Empire Chem., Inc., Midwest Rubber Custom Mixing Div. (1994),99 Ohio App.3d 396, 402. First, plaintiff must establish a prima facie case of retaliation by showing that:
 {¶ 16} "(1) he engaged in a protected activity; "(2) this exercise of protected rights was known to the defendants; "(3) defendants thereafter took adverse employment action against the plaintiff; and "(4) there was a causal connection between the protected activity and the adverse employment action." Id. Once the plaintiff establishes a prima facie case, the burden shifts to the defendants who must articulate a non-discriminatory basis for their action. Chandler v. Empire Chem.,Inc., Midwest Rubber Custom Mixing Div., supra. Next, plaintiff must prove by a preponderance of the evidence that the articulated business reason was a pretext for discrimination. Id.; see, also, Texas Departmentof Community Affairs v. Burdine (1981), 450 U.S. 248, 256; Manzer v.Diamond Shamrock Chems. Co. (6th Cir. 1994), 29 F.3d 1078, 1083
("plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation").
 {¶ 17} In this case, the city clearly articulated non-discriminatory bases for disciplining the appellant. Specifically, in its motion for summary judgment, the City proffered evidence that the appellant was reprimanded in the workplace for violations of city policies. The city asserted that each time the appellant was reprimanded it was the result of her own misconduct, not retaliation against the appellant for filing an EEOC claim. The city detailed the dates and reasons for which she was reprimanded. On November 10, 1999, prior to the appellant's filing with the EEOC, a pre-disciplinary hearing was held after a co-worker filed a complaint of racially based verbal harassment by the appellant. Following the hearing, the appellant was charged with unbecoming and offensive conduct under the Rules of the City of Cleveland Civil Service Commission. The city issued a written warning to the appellant and required her to attend a violence in the workplace class. While two other charges were filed against the appellant charging discrimination, both were investigated by the city and no probable cause was found. These actions were therefore dismissed. The appellant then filed her discrimination claim against the city.
 {¶ 18} The appellant was suspended on December 30, 1999 for one day pursuant to the city's personnel policy, for not timely calling off work on December 8, 1999. The appellant was then suspended for five days beginning on May 11, 2000 for a second violation of the City's absence without leave policy. On May 8, 2000, the appellant called her supervisor and requested permission to take that same day as a personal day. Her supervisor denied her request, noting that personal time-off must be pre-approved, and instructed her to report to work. She reported to work forty minutes before the end of her shift that day.
 {¶ 19} On April 3, 2000, the appellant was suspended for another three days, this time for neglect of duty, conduct unbecoming of an employee in the public service, and insubordination from events taking place in February. In February, the appellant failed to timely complete a task at work, and when confronted with her inability to complete the task, she walked away from her supervisor and refused to return to him even after being called repeatedly to him. The city stated, and the appellant did not dispute, that at the pre-disciplinary conference following this incident in which her attorney was present she failed to offer any reason for her behavior that day. On August 14, 2000, she was suspended for five days for similar behavior. She was witnessed by several employees walking away from her foreman when questioned about her pending job assignment. Lastly, the appellant was suspended on July 7, 2000 for her involvement in her second preventable motor vehicle accident within a two-year period.
 {¶ 20} The city set forth the aforementioned explanations of the appellant's disciplinary history in the form of affidavits and personnel records. It was then incumbent upon the appellant to produce sufficient evidence from which a trier of fact may reasonably reject these explanations. However, the appellant merely stated in her brief in opposition to the city's motion for summary judgment, "After an EEOC claim was filed, she was continually disciplined and subjected to a work environment meant to break her down mentally and physically." (Motion p. 7). However, she failed to proffer any evidence pursuant to Civ.R. 56 (C) to support this assertion. Moreover, the appellant presented no evidence that other employees were disciplined in a more lenient fashion for similar offenses. Lastly, the appellant wholly failed to prove that the articulated reasons were merely a pretext for discrimination. We therefore find that the trial court's grant of summary judgment in favor of the City of Cleveland was proper. These assignments of error are therefore overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and PATRICIA ANN BLACKMON, J., concur.
N.B. This entry is an announcement of the court's decision. See App.R.22(B), 22(D) and 26(A); Loc.App.R.22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] Appellant filed an appeal to this court which was dismissed, sua sponte, for a lack of a final appealable order, on the issue of attorney fees pursuant to Civ.R. 54 (B).
[2] Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). It is well-settled that sexual harassment constitutes sexual discrimination under Title VII, see Williams v. Saxbe (D.D.C. 1976),413 F. Supp. 654.